Frederick PILKINGTON

v.

STATE of Rhode Island.

No. 99–521–A.

Supreme Court of Rhode Island.

July 14, 2000.

Paula Francese, Cranston.

Neal R. Steingold, Providence.

## ORDER

The plaintiff, Frederick Pilkington, appeals from a Superior Court judgment in favor of defendant, State of Rhode Island, denying plaintiff's complaint under the Criminal Injuries Compensation Act, G.L. 1956 (1994 Reenactment) § 12–25–1, et seq.[1] After a conference before a single justice of this court, this case was referred to the full court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. At this time, we proceed to decide this appeal without further briefing or argument.

The plaintiff filed a complaint alleging that he was the victim of a crime, within the purview of the 1972 act. Section 12–25–2(10) of the act defines a victim as "a person who is injured or killed by any act of a person or persons which is within the description of any of the offenses specified in § 12–25–4 and which act occurs in the state of Rhode Island." Although charges were brought against plaintiff's alleged assailant, Mr. Pilkington refused to provide testimony against him and the charges were dismissed. The state moved to dismiss plaintiff's complaint on the grounds that plaintiff was not entitled to compensation because he refused to cooperate with law enforcement officials in the prosecution of the alleged perpetrator. The motion was granted and this appeal ensued.

The 1972 statute is silent as to whether a victim must cooperate with law enforcement authorities in order to receive compensation under the act. Section 12–25–3(d) provides that "the court and the treasurer may consider any circumstances it determines to be relevant" in determining whether to compensate a victim for his injuries. In addition, § 12–25–10 gives the state the right of indemnification against a person who has been convicted of a crime for which the state has paid compensation under the act. As the trial justice pointed out, the state is denied the benefit of this provision when a victim refuses to cooperate with authorities in prosecuting the criminal. We hold, therefore, that the denial of compensation to plaintiff in this case was proper.

The plaintiff's appeal is denied and dismissed and the judgment appealed from is affirmed.

---

1. The Criminal Injuries Compensation Act of 1972 was repealed, in part, by P.L. 1996, ch. 434, § 1, and later repealed in full by P.L. 1999, ch. 125, § 1, and P.L. 1999, ch. 128, § 1. In its place, the legislature enacted the Criminal Injuries Compensation Act of 1996, § 12–25–16, et seq. According to plaintiff's complaint, he was a victim of a crime that occurred on February 17, 1995. This case is controlled by the 1972 act and reference herein shall be to the repealed sections of the prior act, unless otherwise indicated.